IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02495-PSF-MEH

DEREK WILLIAM McBEE,

      Applicant,

v.

LARRY REID,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Defendant.

---

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Applicant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket #3].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation.  For the reasons set forth below, the Court recommends that the Application be **denied**.

**I.**    **Facts**

    Applicant Derek McBee was convicted of two counts of burglary, one count of theft, illegal use of a stun gun, and escape.  The trial court bifurcated the trial, and the jury heard evidence of the burglary and theft charges first.  After reaching a verdict on these charges, the jury heard evidence of the escape charge.  The trial court then found Applicant guilty as a habitual offender and a habitual burglar for burglary charges in case 92CR645 and for fraud charges in case 93CR62.  Applicant was sentenced to 12 years for the counts charged in the present case, 24 years for the habitual burglar finding, and 36 years for the habitual offender finding.

    After the convictions were affirmed on direct appeal, Applicant filed a motion for post-

conviction relief and a supplemental motion, which were both denied by the state district court.  On appeal, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied Applicant's Writ of Certiorari.  Applicant timely filed the instant Writ of Habeas.  Applicant presents the following claims for relief, which he alleges rendered his trial fundamentally unfair: (1) Applicant was denied due process by admission of evidence that Applicant was on electronic monitoring supervision; (2) Applicant was denied due process by comments made by the trial judge in front of the jury; (3) Applicant's constitutional rights were violated by the admission of statements made by Applicant to law enforcement officers; (4) Applicant's right to confront and cross-examine witnesses was violated by the admission of hearsay testimony; (5) Applicant's right to a fair trial was violated by numerous irregularities in the trial; and (6) Applicant received ineffective assistance of counsel, who failed to challenge Applicant's two habitual criminal counts as arising from the same incident.  Application at pp. 5–7C.

## II.     Discussion

### A.     Standard of Review

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "When a federal district court reviews a state prisoner's habeas [application] pursuant to 28 U.S.C. § 2254 it must decide whether the [applicant] is 'in custody in violation of the Constitution or laws or treaties of the United States.'  The court does not review a judgment, but the lawfulness of the [applicant's] custody *simpliciter*."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).   The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must

"give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan* , 526 U.S. at 845. Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Applicant's case, habeas review in this Court is concerned with the proceedings in the Colorado Court of Appeals which was the final substantive proceedings in the state appellate review process.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to all federal habeas applications filed after the AEDPA's effective date of April 24, 1996, regardless of when the state proceedings occurred. *See Trice v. Ward*, 196 F.3d 1151, 1158 (10th Cir. 1999); *Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999).  Under AEDPA, an applicant is entitled to federal habeas relief only if he can establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see, also, Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000).

As the Supreme Court recently stated:

A state-court decision is contrary to . . . clearly established precedents if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result.  A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*,  544 U.S. 133, 125 S.Ct. 1432, 1438-39 (2005) (internal citations omitted).

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [those] cases, so long as neither the reasoning nor the result of the state-court

decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). So, when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard, the reviewing court may presume an adjudication on the merits and apply AEDPA deference. *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005).

Factual findings made by the state trial and appellate courts are presumed correct, with the applicant having the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003). "[W]hether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

Even if the state court adjudication was contrary to or involved an unreasonable application of clearly established federal law, unless the error is a "structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by harmless-error standards," *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993), the harmless error standard of *Brecht* and *O'Neal v. McAninch*, 513 U.S. 432 (1995), must be applied. *See Herrera v. Lemaster*, 301 F.3d 1192, 1200 (10th Cir. 2002). Under *Brecht,* habeas relief is not proper unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623. *O'Neal* addresses the situation where a court is in "grave doubt" about the likely effect of the error on the jury's verdict – that is, where "the matter is so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435. In such a case, *O'Neal* instructs a court to treat the error "as if it had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Brecht*, 507 U.S. at 623).

4

**B.      Petitioner's Claims**

**1.      Evidence that Applicant was on electronic monitoring**

Applicant argues that the admission of evidence that he was on electronic monitoring at the time of the crime, but had removed the ankle bracelet on the evening of the incident, violated his right to a fair trial.   Application at 5C.   The trial court, based on a pre-trial motion, ruled that the prosecution could not state why Applicant was being monitored or that the monitoring officer was a parole officer.   The prosecution was allowed to show how the monitoring worked, that it showed an "open strap" that night; that it was forcefully removed from Applicant; and that Applicant admitted removing the device.   The trial court admitted this evidence as part of the *res gestae* of the crime. On direct appeal, the Colorado Court of Appeals concluded that this evidence was "admissible to provide the jury with a full and complete understanding of the events surrounding the charged offenses."  Response, Exh. C, p. 5.

Because the state court's ruling is on state law evidentiary issues, review of this evidentiary ruling is limited to whether its admission rendered the trial fundamentally unfair.   *Brinlee v. Crisp*, 608 F.2d 839, 850 (10th Cir. 1979).   The United States Supreme Court "has stated many times that 'federal habeas corpus relief does not lie for errors of state law' . . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  Hence, this Court cannot review whether the Court of Appeals determination of state law was correct.   Rather, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).

Here, Applicant argues that the evidence was cumulative because he admitted he was not

5

home for at least one third of the time in question.  Traverse at 6.  The evidence of electronic monitoring was admitted to show that Applicant was not where he was supposed to be and formed the basis for Applicant's ability to have entered the homes in question without being monitored and to not be home for the entire time in question.  The trial court did not allow evidence regarding why Applicant was on parole, or even that the supervising officer was a parole officer.  Thus, the admission of this evidence did not render Applicant's trial fundamentally unfair.

### 2.    Comments made by the trial judge in front of the jury

Applicant also argues that statement made by the trial judge in front of the jury violated his right to a fair trial by showing the trial judge was biased.  Applicant the statements implied to the jury that defense counsel submitted erroneous instructions of law.  These statements include the following:

Alright.  Since the matter has been presented and the defendant has no further evidence, the State has rested, I'm going to quickly read the instructions of law...

The ruling I'll give you right here from the bench on the instructions you tendered, which include the six separate elements which you are aware of, I'm going to refuse to give that instruction and instead give the instruction tendered to me by the People.

I'm also going to refuse to give your second tendered instruction, and that record, is, of course, now made and, again, state that I will give the jury instructions tendered to the Court by the prosecution...All right.  Since the court has refused to give the tendered instructions and it might be noted for the record that those tendered instructions given by defense counsel were both related to elements of the offense of the crime of escape and I intend to give the one tendered by the state, and I will read it, the fact that I've refused it protects your record in the event you wish to take the matter up further.  And I assume that by tendering these you object to the one that I'm going to give to the jury as tendered by the state...All right.  The court will quickly read the instructions.

We could not try that case [the escape charge] along with the others because the jury had to independently decide without any influence from the fact that the defendant was in custody for another offense, and it is that which forms the basis of the charge that you must now decide.

> That is an additional issue that I couldn't tell you about because it involved the fact that it would be brought out that he was on home monitor control. You've heard quite a bit of monitoring evidence, so the additional evidence shouldn't take much time, but that's one further issue this jury must decide.

Application at 5D. On direct appeal, the Colorado Court of Appeals noted that Applicant had not objected during trial to these statements and further found that these statements were intended "to ensure an accurate record of the trial court's rulings. In explaining the reasons for the bifurcated trial to the jury, the trial judge did not emphasize defendant's status as a parolee or as a person subject to electronic home monitoring" Response, Exh. C, p. 7.

For relief to be proper, Applicant must show actual bias, not simply an implication of bias. "The Supreme Court's case law has not held, not even in *dicta*, let alone 'clearly established,' that the mere appearance of bias on the part of a state trial judge, without more, violates the Due Process Clause." *Welch v. Sirmons*, 451 F.3d 675, 701 (10th Cir. 2006) (quoting *Johnson v. Carroll*, 369 F.3d 253, 263 (3d Cir. 2004)). An appearance of bias can only provide relief if the "circumstances were such that an appearance of bias created a conclusive presumption of actual bias." *Fero v. Kerby*, 39 F.3d 1462, 1478 (10th Cir. 1994). The comments made by the trial judge do not rise to this level. The Colorado Court of Appeals' determination that these statements were intended to ensure an accurate record and to explain the reason for bifurcation without emphasizing Applicant's prior convictions is not an unreasonable application of Supreme Court precedent, nor an unreasonable determination based on the facts presented.

### 3.   Admission of statements made by Applicant to law enforcement officers

Applicant claims that statements he made to law enforcement officers on the night of incident were improperly admitted at trial, because he was not first informed of his right to remain silent and

no hearing was held to determine the voluntariness of these statements. Application at 6–6A. Although Applicant claims the trial court erred by admitting these statements, he did not object to their admission at trial.    The Colorado Court of Appeals reviewed for plain error and determined that statements made prior to his arrest but while he was on parole and subject to electronic monitoring were made prior to being placed in custody.    Applicant argues that his electronic monitoring constitutes being in custody.   The Colorado Court of Appeals further found that all statements made after his arrest were voluntary.  Response, Exh. C., p. 8.

Whether a suspect is in custody is to be "based on how a reasonable person in the suspect's situation would perceive his circumstances." *Yarborough v. Alvarado*, 541 U.S. 652, 662 (2004). In so doing, the focus is "whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (*per curiam*).  Here, Applicant made statements to law enforcement officers in his own home on the night in question.  At that time, Applicant's freedom was restrained no more than it was prior to their arrival at his home, and Applicant was not under formal arrest at that time.  Although Applicant argues that the state should not be able to charge him with escaping from the custody of electronic monitoring and also claim he was not in custody when he made these statements, Applicant's argument fails to understand the difference between the definition of custody under state law and the definition of custody under the United States Constitution.    Thus, the Court of Appeals' determination that Applicant was not in custody at that time is not an unreasonable application of Supreme Court precedent.  *See Yarborough*, 541 U.S. at 665.

Regarding the statements made after his arrest, Applicant claims that the trial court should have held a hearing to determine the voluntariness of these statements.  However, Applicant did not

object to the statements at trial as involuntary and has produced no evidence that the statements were in fact involuntary. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (holding that "coercive police activity is a necessary predicate to the finding that a confession is 'voluntary'"). Because Applicant presented no such evidence, the Colorado Court of Appeals' holding is neither contrary to Supreme Court precedent nor an unreasonable determination based on the facts presented.

Applicant further argues that allowing an officer to state in court that Applicant's response to a question was that "he didn't want to talk anymore" violated his right to remain silent. The Colorado Court of Appeals ruled that the statement was not used by prosecution to create an inference of guilt, but was part of one exchange with the officer and was not later emphasized by the prosecution. Response, Exh. C, pp 9–10. To be an improper comment on a defendant's silence, the language used must be such that "the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Nelson*, 450 F.3d 1201, 1213 (10th Cir. 2006). Here, the prosecution provided no other comment and did not emphasize the statement. The witness simply testified to the exchange with the Applicant and how it ended. The Colorado Court of Appeals' determination that this statement did not cast doubt on the reliability of Applicant's conviction is not an unreasonable application of Supreme Court precedent nor an unreasonable determination in light of the facts presented.

### 4.    Admission of hearsay testimony

Applicant claims that the following three statements were admitted over his objections in violation of his Sixth Amendment right to cross-examine the witnesses: (1) testimony of one officer that another officer tracking the suspect had emerged from a field with a black substance on his hand, similar to the substance the testifying officer had observed on Applicant's hand; (2) testimony of an

officer, who found sunglasses in Applicant's bedroom with what the officer believed to be sand around the edges, that one of the victims told police she was missing a pair of sunglasses that she purchased prior to her vacation in the Caribbean; and (3) testimony of the parole officer that he had been informed by the instructor of a class that Applicant was required to attend that he failed to attend on the night in question.  Application at 6C.

The Colorado Court of Appeals ruled that the evidence was either not hearsay because it was within the testifying officer's personal observations or was cumulative of other direct testimony.  The Colorado Court of Appeals determined that any error was, therefore, harmless beyond a reasonable doubt.  Response, Exh. C, pp. 12–13.

The United States Supreme Court "has stated many times that 'federal habeas corpus relief does not lie for errors of state law' . . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  Hence, this Court cannot review whether the Court of Appeals determination of state law was correct.  Rather, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).  Here, the testimony that another officer had a black substance on his hands and that one of the victims purchased sunglasses prior to her vacation was cumulative of testimony offered by the principal witnesses in the prosecution's case-in-chief.  Because Applicant was able to cross-examine this testimony, his right to confront these witnesses was not violated.  The testimony that Applicant did not attend a required meeting that night is consistent with Applicant's own testimony that he was sitting in his girlfriend's jeep in front of his house that night.  Thus, any error of allowing this testimony is also harmless.  The state appellate court's holding on these statements is, therefore, not

an unreasonable application of Supreme Court precedent nor an unreasonable determination based on the facts presented.

### 5.    Irregularities in the trial

Applicant claims that all of the alleged irregularities listed above, along with others, made his trial fundamentally unfair, and that the state court adjudication of his claims resulted in an unreasonable determination of established constitutional law and an unreasonable determination in light of the facts presented.  Application at 7.  The Colorado Court of Appeals rejected this argument, citing the rule that the cumulative error argument cannot apply to non-errors.

"Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors."  *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998). Once two or more errors are identified, the applicant must show that his substantial rights were affected by the cumulative errors.  *United State v. McKneely*, 69 F.3d 1067, 1080 (10th Cir. 1995). Here, Applicant identifies only one potential error: the officer's hearsay statement that Applicant failed to attend a required meeting on the night in question, a statement that also supported Applicant's alibi that he was with his girlfriend at the time of the burglaries.  Thus, Applicant can allege no combination of errors, and the Colorado Court of Appeals' ruling in this regard is not an unreasonable application of Supreme Court precedent .

### 6.    Ineffective assistance of counsel for failure to challenge Applicant's two habitual criminal counts as arising from the same incident

Applicant argues that the two previous crimes which formed the basis of his habitual criminal conviction were a related crime.  The first conviction related to a series of burglaries.  The second conviction related to Applicant's forgery and fraudulent use of a victim's credit card beginning the

day after the burglary.  Applicant claims that because the victims were the same, the crimes should

constitute one criminal episode.  Applicant contends that his trial counsel's failure to challenge the

underlying convictions on this basis constituted an ineffective assistance of counsel.  The Colorado

Court of Appeals determined that, as a matter of law, the two prior convictions were not related and

any challenge would have been futile.  The appellate court concluded that trial counsel's failure to

do so, therefore, resulted in no prejudice to Applicant.  Response, Exh. G, p. 3.

To support a claim of ineffective assistance of counsel, Applicant must show that (1) trial

counsel's performance fell below an objective standard of reasonableness; and (2) prejudice to the

petitioner, such that but for the error's of counsel, the result at trial would have been different.

*Strickland v. Washington*, 466 U.S. 688, 692-93 (1984).  The Court of Appeals applied this standard

and found no prejudice to Applicant, because the challenge was without merit.

Because Applicant challenges a determination of state law, he must establish an independent

constitutional violation.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Thus, Applicant must show that

the Colorado Court of Appeals wrongly applied Colorado law and that the error was "arbitrary in the

constitutional sense; that is, it must shock the judicial conscience."  *Aycox v. Lytle*, 196 F.3d 1174,

1180 (10th Cir. 1999).  Colorado law requires a court to consider separate crimes as one conviction

for purposes of the habitual offenders statute, if the crimes arise from the same criminal episode.

C.R.S. § 18-1-408(2) (1997).  This includes "physical acts that are committed simultaneously or in

close sequence, that occur in the same place or closely related places, and that form part of a

schematic whole."  *People v. Jones*, 967 P.2d 166, 169 (Colo. 1997).  In *Jones*, the Colorado Court

of Appeals determined that because the record did not indicate whether the two burglaries cited in

the record as occurring on consecutive days occurred on different nights or on the same night, one

on each side of midnight, the court could not determine whether the crimes formed a schematic whole. *Id.* at 170. The Court indicated that crimes committed on two separate nights would constitute independent crimes for prosecution as a habitual offender. *Id.*

In the case at hand, Applicant's convictions were based on the burglary one night and the forgery occurring the next day. The Colorado Court of Appeals held that these crimes did not occur in the same place or closely related places. Based on this analysis, the Court finds no error of state law that was arbitrary in a constitutional sense. Because Applicant establishes no prejudice by trial counsel's failure to make this argument, the Colorado Court of Appeals' conclusion that his trial counsel was not ineffective is not contrary to Supreme Court precedent, nor is it an unreasonable determination in light of the facts presented.

## III.   Conclusion

In viewing the merits of the Applicant's claims, he is not entitled to relief under 28 U.S.C. § 2254. Pursuant to Rule 8 of the rules governing section 2254 proceedings, no evidentiary hearing is required. Accordingly, for the reasons stated above, the Court RECOMMENDS that the Application for a Writ of Habeas Pursuant to 28 U.S.C. § 2254 [Filed December 9, 2005; Docket #3] be **denied**, and that this case be dismissed with prejudice. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being

Dated at Denver, Colorado this 24th day of May, 2007.

BY THE COURT:


s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).