IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02495-PSF-OES

DEREK WILLIAM MCBEE,

      Plaintiff,

v.

LARRY REID; and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Defendants.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE DATED MAY 24, 2007**

---

This matter comes before the Court on the Recommendation of the Magistrate

Judge entered May 24, 2007 (Dkt. # 23) in which he recommended dismissal of

plaintiff's *pro se* habeas corpus petition.  Plaintiff was granted an extension of time

within which to object to the Recommendation and he filed his Objections on July 3,

2007 (Dkt. # 27).  The matter is ripe for determination.

**I.  BACKGROUND**

As the Magistrate Judge correctly stated, plaintiff's habeas petition challenges

his 1998 state court convictions, arising out of bifurcated trial proceedings, in which he

was first convicted of burglary, theft and illegal use of a stun gun, following by a second

proceeding before the same jury in which he was convicted for the offense of escape.

Plaintiff also challenges the trial court's finding at a subsequent bench trial that he was

a habitual offender.  Liberally construing plaintiff's petition, the Magistrate Judge found

that plaintiff has alleged that his trial was unfair for the following six reasons:  (1) he

was denied due process by admission of evidence at his trial that he was on electronic

monitoring supervision at the time of the alleged offenses;  (2) he was denied due

process as a result of comments made by the trial judge in front of the jury; (3) his

constitutional rights were violated by the admission of statements he made to law

enforcement officers; (4) his right to confront and cross-examine witnesses was

violated by the admission of hearsay testimony; (5) his right to a fair trial was violated

by numerous irregularities in the trial; and (6) he received ineffective assistance of

counsel because counsel failed to challenge his two habitual criminal counts as arising

from the same incident (Recommendation at 2).

## II. STANDARD OF REVIEW

Plaintiff apparently raised each of these issues in the direct appeal of his

convictions or in his post-conviction proceeding pursuant to Rule 35 (c), Colo. R. Cr. P.

Each of the arguments was considered and rejected by the Colorado Court of Appeals

either in the decision affirming his direct appeal (Exhibit C  to Defendant's Answer) or in

its later decision affirming the denial of post-conviction relief (Exhibit G to Defendant's

Answer).  As the Magistrate Judge correctly found, an applicant is entitled to federal

habeas relief only if he can establish that the state court decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," or was "based on an

unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d)(1)-(2) (Recommendation at 3).  As the Colorado

Supreme Court denied *certiorari* on plaintiff's appeal, the decisions of the Colorado

Court of Appeals are the final substantive decisions in the state appellate process

which this Court considers.

After careful review of all six of plaintiff's arguments, the Magistrate Judge

concluded that plaintiff had made no showing that the decisions of the Colorado Court

of Appeals were contrary to, or involved an unreasonable application of, clearly

established federal law, or that the decisions were based on an unreasonable

determination of the facts in light of the evidence presented (Recommendation at 5-13).

To the extent this Court can understand plaintiff's handwritten Objections to the

Recommendation, it appears that he makes specific objections to several, but not all, of

the Magistrate Judge's findings as to his claims.  To the extent the plaintiff has made

specific objections to the Magistrate Judge's Recommendation, this Court reviews the

claims *de novo* pursuant to Rule 72(b), F.R.Civ.P., as discussed below.

**III.  ANALYSIS**

      1.      Evidence of electronic monitoring

As the Magistrate Judge correctly found, the trial court admitted this evidence as

part of the "*res gestae*" of the crime, and on direct appeal, the Colorado Court of

Appeals concluded that this evidence was "admissible to provide the jury with a full and

complete understanding of the events surrounding the charged offenses."  Exhibit C to

Defendant's Answer at 5.  In a habeas case, review of such an evidentiary ruling is

limited to consideration of whether the ruling rendered the trial "so fundamentally unfair

as to constitute a denial of federal constitutional rights."  *Brinlee v. Crisp*, 608 F.2d 839,

850 (10th Cir. 1979), *cert. denied,* 444 U.S. 1047 (1980).  In admitting such evidence at plaintiff's trial, the trial judge permitted a limited amount of evidence of electronic monitoring for the purpose of showing plaintiff was not at home where he was supposed to be at the time the alleged burglaries were committed.  The trial court excluded evidence of why plaintiff was subject to electronic monitoring and the fact that plaintiff's supervising officer was a parole officer. Exhibit C to Defendant's Answer at 4-5.

In his Objections to this Court, plaintiff states only that admission of electronic monitoring evidence was "fundamentally unfair" but fails to explain why, and he cites no law in support of his argument (Objections at 2).  This Court finds no basis for finding that the admission of the limited amount of evidence of electronic monitoring rendered plaintiff's trial so fundamentally unfair as to constitute a denial of federal constitutional rights.

### 2.      Comments by Trial Judge

The Magistrate Judge's Recommendation sets forth verbatim the trial court's comments, apparently made in the jury's presence, which the plaintiff asserts violated his right to a fair trial because they conveyed to the jury that the judge was biased against him (Recommendation at 6-7).  The trial court's statements need not be restated in their entirety here.  Suffice it to say that the remarks appear to have been initiated as part of a jury instruction conference with attorneys, but apparently with the jury present, and the concluding remarks are addressed to the jurors to explain the reason for the bifurcation of the trial.

On direct appeal, the Colorado Court of Appeals noted that plaintiff had not objected during trial to the statements of the judge and thus the appropriate standard of review was plain error (Exhibit C to Defendant's Answer at 6).  It further noted that the plaintiff did not claim the court's rulings on jury instructions were erroneous, but only reflective of bias.  *Id.* at 6-7.  The Court of Appeals further found that these statements were intended "to ensure an accurate record of the trial court's rulings on tendered jury instructions.  In explaining the reasons for the bifurcated trial to the jury, the trial judge did not emphasize defendant's status as a parolee or as a person subject to electronic home monitoring."  *Id.* at 7.  Thus the Colorado Court of Appeals rejected plaintiff's claim that the remarks reflected bias towards the plaintiff.  *Id.* at 7.

The Magistrate Judge also rejects plaintiff's argument because there is no showing of actual bias on the part of the state court judge, and habeas relief is not available to a petitioner unless the "circumstances were such that an appearance of bias created a conclusive presumption of actual bias."  *Fero v. Kerby,* 39 F.3d 1462, 1478 (10th Cir. 1994), *cert denied,* 515 U.S. 1122 (1995).

In his Objections to this Court, plaintiff argues that the judge's comments must have had an improper effect because they "focused the jury on the opinion of the judge" that plaintiff "was in custody which is the province of the jury and the very issue they were to decide." Objections at 3.  As currently phrased in his Objections, plaintiff now appears to contend that the trial judge committed error in so advising the jury, as opposed to his prior argument that the judge's comments reflected bias.  Since plaintiff

never argued in the state appellate court that the comments were error, and therefore did not exhaust his state remedies, this Court need not address such an argument.

However, the Court notes that what the trial judge said to the jury, according to plaintiff's recitation of the statement, was that the trial court had not revealed to the jury that plaintiff was in custody for another offense because "it is that which forms the basis of the charge that you must now decide." Application at 5D. This comment does not invade the province of the jury as to the fact of custody, but rather it expressly leaves the issue for the jury to decide.

In addition, this Court's overall review of the comments made by the judge finds that they do not otherwise reflect actual bias against the plaintiff. The comments were an appropriate explanation by the trial judge of the reason for the bifurcation of the charges. This Court does not find any fundamental unfairness based on these comments, nor does the decision of the Colorado Court of Appeals unreasonably apply Supreme Court precedent or constitute an unreasonable application of law based on the facts.

3.     Admission of plaintiff's statements to law enforcement officers

Plaintiff also claims that statements he made to law enforcement officers on the night of the incidents were improperly admitted at his trial because he was not first informed of his right to remain silent and no hearing was held to determine the voluntariness of the statements. The statements by plaintiff were admitted at trial through the testimony of the law enforcement officers to demonstrate that plaintiff had provided inconsistent explanations of his whereabouts on the night of the incidents

(Exhibit C to Defendant's Answer at 2).  The plaintiff's statements were not in themselves admissions of unlawful conduct.

The Colorado Court of Appeals found that plaintiff neither requested suppression of the statements he had made, nor did he object to their admission at the trial.  He raised the issue for the first time in his appeal (Exhibit C to Defendant's Answer at 8).  Nonetheless, the Court of Appeals reviewed for plain error and found none.  It concluded that his statements made before a *Miranda* warning was given were not made while he was in custody, and his post-*Miranda* statements, especially those made to his parole officer, were voluntary.

As the Magistrate Judge correctly states, whether a suspect is in custody is to be "based on how a reasonable person in the suspect's situation would perceive his circumstances."  *Yarborough v. Alvarado*, 541 U.S. 652, 662 (2004).  In making this determination, the focus is on "whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest."  *California v. Beheler*, 463 U.S. 1121, 1125 (1983).  In *Yarborough*, the Supreme Court found that the circumstances under which the habeas applicant there had been questioned did not constitute a custodial interrogation, despite the fact that the applicant was only 17 years old at the time, the questioning took place in a small interview room at the County Sheriff's office, that it lasted about two hours and was recorded.  541 U.S. at 656.  The Court emphasized that the questioning officer did not threaten the applicant or suggest he would be placed under arrest, and the circumstances suggested that "a reasonable pesonn would have felt free to terminate the interview and leave."  *Id* at 664-65.

7

The record in the instant case reflects that plaintiff made statements to law enforcement officers in his own home on the night in question. Although plaintiff's Objections state that there were "innumerable officers" in his home that night, the record shows that in fact there were two police officers and his parole officer (Exhibit C to Defendant's Answer at 1). At that time, his freedom was not restrained any more than it was prior to their arrival at his home. Plaintiff was not under formal arrest at that time. He has made no showing that he was not free to terminate the questioning or that the circumstances here would lead a reasonable person to believe he was in custody.

Although plaintiff makes the clever argument that the state should not be able to charge him with escaping from the custody of electronic monitoring, while at the same time claiming he was not in custody when he made these statements to law enforcement officers, this argument fails to recognize that there is a difference between the definition of custody under state law for purposes of defining the offense of escape, and the definition of custody under the United States Constitution for purposes of applying constitutional safeguards. Thus, the Magistrate Judge found that the determination by the Colorado Court of Appeals that he was not in custody at the time he made the statements is not an unreasonable application of Supreme Court precedent. *See Yarborough*, 541 U.S. at 665.

In his Objections to this Court, the plaintiff argues that "the presence of innumerable officers in one's home, searching his home and questioning him shows a difference between being home alone before they arrived and their presence indicated he was under arrest, as any reasonable person would conclude." (Objections at 3-4).

8

The Court does not disagree that the presence of law enforcement officers in one's home is different from being alone, but the argument does not demonstrate that under the circumstances here plaintiff was in custody.  He offers no evidence relating to the officers' conduct that reflect that his freedom of movement was restrained, that he was not free to leave, or that he asked permission to leave and was prohibited from doing so.  Accordingly, this Court agrees with the conclusion of the Magistrate Judge that the Colorado Court of Appeals did not make an unreasonable application of controlling federal constitutional law.

The Magistrate Judge also concluded, with respect to the statements made by plaintiff after his arrest, that plaintiff had presented no evidence the statements made were involuntary (Recommendation at 8-9).  He also found that the admission into evidence of plaintiff's statement to the officer that "he didn't want to talk to anyone" did not violate plaintiff's right to remain silent, due to the context in which it was offered.  Thus he concluded that the determinations on these post-arrest statements by the Colorado Court of Appeals were not unreasonable applications of Supreme Court precedent nor an unreasonable determination in light of the facts presented.

Plaintiff has made no specific objection to either of these findings by the Magistrate Judge.  This court finds no clear error in the conclusions of the Magistrate Judge and finds no violations of plaintiff's constitutional rights.

    4.       <u>Ineffective assistance of counsel arising from failure to challenge habitual criminal findings</u>

Plaintiff's motion for post-conviction relief asserted, in part, ineffective assistance of his trial counsel based on the asserted failure of counsel to challenge the habitual criminal findings.  Plaintiff asserted that the findings were improper because the crimes which provided the basis for habitual offender treatment arose out of one criminal episode.

The Colorado Court of Appeals denied plaintiff's appeal, concluding that the claim of ineffective assistance was futile and there was no prejudice to the plaintiff from any conduct of his counsel, as plaintiff's habitual criminal convictions arose out of separate episodes (Exhibit G to Defendant's Answer at 3).  As the Court of Appeals stated, plaintiff's convictions were based on a series of burglaries, and a forgery charge occurring the next day arising from his use of the stolen card (*id.*).  Although not set forth in the Court of Appeals' opinion, these charges were brought against plaintiff in two separate cases filed against him in 1992 and 1993, and he pled guilty in each case.  *See* Exhibit F to Answer at 8-9.  The Colorado Court of Appeals held that these crimes did not occur in the same place or closely related places.  Thus the Colorado court held that the convictions for these charges supported a finding that plaintiff was a habitual criminal under Colorado law.

Because plaintiff here challenges a determination of state law, he must establish an independent constitutional violation.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). To do so, he must first show that the Colorado Court of Appeals wrongly applied Colorado law, and second that the error was "arbitrary in the constitutional sense; that is, it must shock the judicial conscience."  *Aycox v. Lytle*, 196 F.3d 1174, 1180 (10th Cir. 1999).

In his Objections to this Court, plaintiff states that he "doesn't only assert that due to identical victims the crimes should constitute one criminal episode, but additionally, that the court is required to consider it such due to the charges being brought together with the misnamed 'other' case and its being part of the same schematic whole." Objections at 4. Plaintiff's Objections further cite to *Gimmy v. People*, 645 P.2d 262, 266 (Colo. 1982) for the proposition that the "prior convictions must be based upon charges that are both separately brought and tried and arising from separate and distinct criminal episodes." Objections at 4.

In fact, what the *Gimmy* decision holds is that the habitual criminal convictions there were proper because the defendants' predicate convictions arose from charges which, had they not been adjudicated through the entry of guilty pleas, would have been tried separately. 645 P.2d at 267. Plaintiff here has made no showing here that the holding in *Gimmy* in any way precludes his convictions as a habitual offender. Based on this analysis, this Court finds no basis for concluding that the ruling of the Colorado Court of Appeals that was "arbitrary in the constitutional sense." Because plaintiff establishes no prejudice by trial counsel's failure to make this argument, the Colorado Court of Appeals' conclusion that his trial counsel was not ineffective is not contrary to Supreme Court precedent, nor is it an unreasonable determination in light of the facts presented.

Finally, plaintiff has made no specific objection to the Magistrate Judge's Recommendation pertaining to his arguments that his right to confront and cross-examine witnesses was violated by the admission of hearsay testimony, or that his right

to a fair trial was violated by numerous irregularities in the trial.  This Court only reviews such claims for clear error, and finding none, accepts the Recommendation of the Magistrate Judge that the rulings of the Colorado Court of Appeals reveal no unreasonable application of Supreme Court precedent nor an unreasonable determination based on the facts presented.

## IV.  CONCLUSION

For the reasons set forth above, the Recommendation of the Magistrate Judge is accepted and plaintiff's Objections (Dkt. # 27) are OVERRULED.  Plaintiff's application for a writ of habeas corpus (Dkt. # 3) is DISMISSED WITH PREJUDICE.

DATED:  August 28, 2007

BY THE COURT:


_s/Phillip S. Figa_
Phillip S. Figa
United States District Judge